UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALPAK DIRECT MARKETING
SYSTEMS, INC., a Delaware corporation,

        Plaintiff,

v.                                                         Case No. 8:05-cv-1420-T-24MSS

VALPAK OF CINCINNATI, INC.,
an Ohio corporation, SUCCESS
DIRECT MARKETING, INC., an
Ohio corporation, ROBERT J.
SLATTERY, an individual,
JAMES F. SLATTERY, an individual,
TIMOTHY SLATTERY, an individual,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Verified Motion to Dismiss or Stay Case, or Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (Doc. No. 8). Plaintiff opposes this motion. (Doc. No. 13). Also before the Court is Plaintiff's Request for Judicial Notice. (Doc. No. 15).

**I.     BACKGROUND**

Plaintiff Valpak Direct Marketing Systems, Inc. alleges the following in its complaint. (Doc. No. 1). Plaintiff is a franchisor of direct mail advertising businesses. (¶ 8). Plaintiff is known for its VALPAK® envelopes delivered to residential addresses containing national and local advertising inserts. (¶ 8).

On November 24, 1993, Plaintiff entered into five written franchise agreements with certain of the Defendants, as franchisees, for the operation of VALPAK® franchised businesses.

(¶ 9). Defendants have operated the businesses continuously since 1993, and in the past year the franchisees were invoiced by Plaintiff for more than $7,800,000.00 in printing, insert, mailing, and distribution expenses relating to 17,825,000 VALPAK® envelopes prepared and distributed by Plaintiff on behalf of the franchises. (¶ 11).

In 2004, Robert J. Slattery, principal and owner of each of the five franchises, informed Plaintiff that he intended to transfer his ownership interest in the franchises to his brother, James F. Slattery, and sons, Bobby Slattery and Sean Slattery, and/or to business entities owned by James F. Slattery, Bobby Slattery, and Sean Slattery. (¶ 17). Plaintiff argues that transfers involving the franchise agreements are governed by specific sections of the franchise agreements. (¶ 18). Plaintiff claims that the franchise agreements require that Plaintiff be given notice of the intended transfer and a first right of refusal, and that the agreements specified numerous other conditions to effect a transfer in the event that Plaintiff does not exercise its first right of refusal. (¶ 18). One of the conditions to effect a transfer of a franchise is that the intended transferee have sufficient business experience, aptitude, and financial resources to successfully operate the franchise. (¶ 19).

Parties modified the transfer provision of the franchise agreements with a special addendum and a letter agreement. (¶ 21). The addendum and the letter agreement govern the transfer of a franchise to family members. (¶ 23). Plaintiff claims that even under the addendum, a franchisee's right to transfer a franchise is still subject to Plaintiff's approval. (¶ 24).

Plaintiff alleges that the intended transfers would result in the five VALPAK® franchises being owned by start-up business entities with the principle owners having insufficient business

experience, aptitude, and assets to sustain the ongoing business operations. (¶ 24). Therefore, Plaintiff informed Robert J. Slattery that it did not approve the proposed transfers. (¶ 24). Plaintiff filed this declaratory action to determine the rights and liabilities of the parties under the franchise agreements.

## II.   DISCUSSION

Defendants move to dismiss or stay this action under the "first-filed rule" based on a lawsuit filed by Defendants against Plaintiff in the United States District Court for the Southern District of Ohio ("Ohio case").[1]  In the alternative, Defendants move to transfer this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). (Doc. No. 8 at 1).

Defendants filed the Ohio case on July 29, 2005 at 3:35 p.m. Plaintiff filed the case before this Court on July 29, 2005 at 3:49 p.m., fourteen minutes after the Ohio case was filed. (Doc. No. 8, Exhibit B). Plaintiff concedes that Defendants' Ohio case "is parallel to, if not a mirror-image of," the lawsuit before this Court. (Doc. No. 13 at 8).[2]

According to the first-filed rule, when parties have filed competing or parallel claims in separate federal courts, the court in which the case was first filed should hear the case. The Eleventh Circuit follows this rule and has stated that "[p]rinciples of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one

---

[1] Since both parties refer to and have filed the complaint in the Ohio case with this Court, the Court takes judicial notice of the Ohio case and all relevant documents filed therein. See Federal Rule of Evidence 201.

[2] The Court notes that Defendants' action in the Ohio case asserts the following claims: breach of contract, tortious interference, tortious interference with business relationship, UCC good faith and fair dealing, and restraint of trade. The case before this Court is a declaratory action. However, parties agree that the central issue in both cases is whether or not Plaintiff's refusal to permit Robert J. Slattery to transfer his interest in the five franchises to his family members is permitted under the franchise agreements.

court must yield its jurisdiction to the other . . . . In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982).

Plaintiff argues that the first-filed rule should be disregarded in this case, because each of the franchise agreements contains a forum selection clause which designates that exclusive jurisdiction shall be vested in the United States District Court for the Middle District of Florida. (Doc. No. 13 at 8). For that same reason, Plaintiff also argues that this case should not be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). (Doc. No. 13 at 11).

However, Plaintiff acknowledges that any motion based on the applicability of the first-filed rule should be brought in the court which retains the first action. (Doc. No 13 at 9-10). To this end, Plaintiff filed a motion in the Ohio case to transfer that action to this Court based on the franchise agreements' forum selection clauses and pursuant to 28 U.S.C. § 1404(a). (Doc. No. 15, Exhibit B). Since the district court in Ohio is the first-filed court, "the 'first-filed' rule generally requires the first court to decide whether the first-filed rule should apply." Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005); see also Supreme International Corp. v. Anheuser-Busch, Inc., 972 F.Supp. 604, 607-08 (S.D. Fla. 1997)(staying the second-filed case on the ground that the first-filed court is the more appropriate court to determine whether the first-filed rule should apply). Furthermore, a transfer of venue motion brought pursuant to 28 U.S.C. § 1404(a) should also be addressed to the court in the first-filed action. See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir. 1982).

Therefore, this Court, as the second-filed court, finds that the district court in the Southern District of Ohio is the proper court to determine whether the first-filed rule should apply and whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Verified Motion to Dismiss or Stay Case, or Alternatively, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 8) is **GRANTED IN PART; DENIED IN PART**;

(2) Defendants' motion is **GRANTED** to the extent that they request that this Court stay this action; otherwise, Defendants' motion is **DENIED**;

(3) Plaintiff's Request for Judicial Notice (Doc. No. 15) is **GRANTED**;

(4) This case is **STAYED** pending a decision from the Southern District of Ohio.

(5) The clerk is directed to **ADMINISTRATIVELY CLOSE** this case and terminate all pending motions.

(6) Plaintiff is directed to inform this Court immediately upon a decision by the District Court in the Southern District of Ohio. If no decision is immediately forthcoming, Plaintiff is directed to file a status report on January 3, 2006 and every three months thereafter that informs the Court of the status of the Ohio case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of September, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record